```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

ELIZABETH CHISOLM on behalf of the                          PLAINTIFF
HEIRS and ESTATE OF KEVIN CHISOLM

VERSUS                              CIVIL ACTION NO. 5:10-cv-148-DCB-JMR

ERGON REFINING, INC.                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Defendant's Motion to Dismiss **(docket entry 7)** and Motion to Set Aside the (state court) Order Granting Extension of Time to Effect Service **(docket entry 9)**.[1]  Having carefully considered the motions and applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

### I. FACTS AND PROCEDURAL HISTORY

On November 12, 2009, on behalf of the heirs and estate of her husband Kevin S. Chisolm, Elizabeth Chisolm ("Chisolm") filed a complaint (docket entry 1-2) in the Circuit Court of Warren County, Mississippi, against defendant, Ergon Refining, Inc. ("Ergon"), for unlawful employment practices in violation of state and federal laws including the Civil Rights Act of 1964, as amended, (Title VII), 42 U.S.C. § 1981.  Chisolm alleges that her husband's

---

[1] These two Motions (docket entries 7, 9) and their respective Memoranda in Support (docket entries 8,10) are identical.  Defendant titles both Motions "Motion to Set Aside Order Granting Extension of Time to Effect Service and to Dismiss Plaintiff's Complaint," but enters them as two separate motions on the docket.

termination on September 6, 2007, was the result of "willful, deliberate and malicious" discrimination and retaliation, which had begun with unequal disciplinary treatment during his term of employment.  Chisolm claims her husband suffered loss of income, benefits, and emotional distress.  Prior to filing her complaint, Chisolm exhausted administrative remedies, receiving a Notice of Right to Sue on August 11, 2009.

In its motions, Ergon explains that though the state court clerk issued the summons on the same day that Chisolm filed her complaint, November 12, 2009, Chisolm did not serve Ergon within 120 days of filing the complaint as required by Miss. R. Civ. P. 4(h).  Therefore, the Clerk issued a Notice of Pending Rule 4(h) Dismissal, and in response, Chisolm filed a Motion for Extension of Time asking that failure to serve within the allotted time be excused because "Plaintiff never received a copy of the filed documents in the mail" (docket entry 2).  The Warren County Court issued an Order Granting Extension of Time, allowing the plaintiff an additional 120 days to serve the complaint on Ergon.  Upon being served, Ergon removed the case to this Court and now asks this Court to set aside the Warren County Court's order extending time to serve process and dismiss Chisolm's complaint.  Ergon argues that Chisolm failed, under Mississippi law, to show good cause for the extension of time to serve the complaint granted by the Warren County Court.

**II. ANALYSIS**

In the case of a state court interlocutory order issued prior to removal, 28 U.S.C. § 1450 provides:

> Whenever any action is removed from a State court to a district court of the United States . . .
> All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

In other words, "[I]nterlocutory state court orders are transformed by [this statute's] operation . . . into orders of the federal district court to which the action is removed." Nissho-Iwai American Corp v. Kline, 845 F.2d 1300, 1304 (5th Cir. 1988) (citing 28 U.S.C. § 1450). Therefore, the federal district court may treat state court interlocutory orders in the same way as it would its own orders. Louisiana v. Guidry, 489 F.3d 692, 698 (5th Cir. 2007). The federal court has the authority to reconsider and reverse interlocutory orders of the state court. Id. And there is no question that an order regarding service of process is "purely interlocutory" and "subject to reconsideration." General Inv. Co. v. Lake Shore & M. S. Ry. Co., et al., 260 U.S. 261, 267 (1922).

Though in removed cases this Court undoubtedly has the power to set aside interlocutory state court orders regarding service of process, it will only do so for good reason. Smith v. Amedisys Inc., 298 F.3d 434, 447-48 (5th Cir. 2002) (holding that law-of-

the-case doctrine did not unreasonably bind the federal court to a state court ruling).  The law-of-the-case doctrine provides that "once a court of competent jurisdiction decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." Copeland v. Merrill Lynch & Co., Inc., 47 F.3d 1415, 1423 (5th Cir. 1995).  Consistency and comity considerations underlie the law-of-the-case doctrine, particularly when, as in this case, the decision for reconsideration comes from a different court and judge.  18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478 (2d ed.) (current through 2011 update).

Ergon argues that the state court order granting the extension of time to effect service should be set aside and the complaint dismissed because Chisolm did not show good cause for an extension after her failure to timely serve Ergon with process  provided by the Mississippi Rules of Civil Procedure 4(h).  Rule 4(h) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of a complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative without notice to such party or upon motion.

This case now being properly before the federal court, but service of process having preceded removal, we evaluate service of process

under the Mississippi Rules of Civil Procedure. *See, eg.*, <u>Fields v. Keith</u>, 174 F.Supp.2d 464, 483 (N.D. Tex. 2001), aff'd without opinion 273 F.3d 1099 (5th Cir. 2001); <u>Freight Terminals, Inc. v. Ryder Systems, Inc.</u>, 461 F.2d 1046, 1052 (5th Cir. 1972).

The Supreme Court of Mississippi reviews state trial court determinations regarding good cause for failure to timely serve process under an abuse of discretion standard, as long as the trial court's conclusion is supported by substantial evidence. <u>Rains v. Gardner</u>, 731 So.2d 1192, 1197 (Miss. 1999). When a trial court bases its decision on a precept of law, the higher court reviews de novo. <u>Id.</u> at 1198. Examples of good cause include: where plaintiff's failure is due to third party action, such as that of the process server; where the defendant has acted to mislead or intentionally evade service; or where the plaintiff has diligently attempted to serve but there are "understandable mitigating circumstances." <u>Holmes v. Coast Transit Authority</u>, 815 So.2d 1183, 1186 (Miss. 2002) (quoting 4B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1137 (3d ed. 2000)).

The trial court clearly has discretion to consider whether good cause exists, but an appellate court can refuse to abide by the trial court's decision that good cause exists in cases where failure to timely serve is due to lack of diligence or mere inadvertent mistake. In <u>Copiah County School District v. Buckner</u>, --So.3d--, 2011 WL 1886535 at *1 (Miss. 2011), the trial court

5

granted the plaintiff an extension to serve process and denied the defendants' motion to set aside the order granting the extension. The Mississippi Supreme Court held that the trial court abused its discretion by denying the defendants' motion to set aside the extension of time to the plaintiffs when there was no good cause. Id. The plaintiff failed to timely serve the complaint because the process server misinformed the plaintiff's attorney that he had served process when he had not. Id. The Supreme Court held the plaintiff had not shown good cause to exercise service because: "[t]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" Id. at *3 (quoting Webster v. Webster, 834 So.2d 26, 28 (Miss. 2002) (citing Peter v. United States, 9 F.3d 344, 345 (5th Cir. 1993))).

Nevertheless, even if the plaintiff failed to demonstrate to the state court good cause for a failure of timely service, this Court has discretionary power to extend the time for service. Millan v. USAA Gen. Idemn. Co., 546 F.3d 321, 325 (5th Cir. 2008). A discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Id. (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Here, the complaint states that the

events that form the basis of this lawsuit allegedly occurred in 2007 with the EEOC issuing the Notice of Right to Sue on August 11, 2009. Thus, the statutes of limitations on Chisolm's claims likely have run for either a federal or a state claim. See Taylor v. Books-a-Million, Inc., 296 F.3d 376, 378-79(5th Cir. 2002)(noting that plaintiffs suing for employment discrimination must exhaust administrative remedies, at least before pursuing claims in federal court, and that Title VII allows claimants ninety days to file a civil action after receiving a statutory notice of right to sue from the EEOC); Breland v. Board of Education of Perry County, 729 F.3d 360, 361-62 (5th Cir. 1984) (holding 1981 suits borrow from the forum state's most appropriate statute of limitations which, in Mississippi, is one year, as provided by Miss. Code § 15-1-29).

Where the applicable statute of limitations likely bars further litigation, the Fifth Circuit reviews dismissals for want of timely service of process under the heightened standard used to review a dismissal with prejudice. Millan, 546 F.3d at 326. Dismissals with prejudice are warranted only where "'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" Id. (quoting Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981)). Additionally, where the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by the plaintiff

himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Id. (citing Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986)). Here, the Court finds that there exists neither a clear record of delay and contumacious conduct nor any of the relevant aggravating factors to justify dismissal. First, the delay in service was minimal. Chisolm admittedly failed to seek an extension until after the 120 days had expired; however, she served Ergon within the time period allotted by her extension. The Fifth Circuit has held that "clear delay" must be "longer than a few months" and "characterized by significant periods of total inactivity." Id. at 327. Second, while Chisolm's attorney may have been inattentive, "contumacious conduct" requires something significantly more, such as a "stubborn resistance to authority." There is no evidence of such conduct here. Lastly, none of the "aggravating factors" exist with respect to Chisolm's failure to timely serve Ergon. In sum, this Court will decline to set aside the order of the Warren County Court granting the extension of time.

**IT IS HEREBY ORDERED** that the Defendant's Motions to Set Aside Order Granting Extensions of Time to Effect Service and Dismiss Plaintiff's Complaint (docket entries 7,9) are **DENIED**.

**SO ORDERED**, this the 20th day of June, 2011.

                                        s/ David Bramlette
                                        **UNITED STATES DISTRICT JUDGE**