IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELIZABETH CHISOLM on behalf of the                        PLAINTIFF
HEIRS and ESTATE OF KEVIN CHISOLM

VERSUS                              CIVIL ACTION NO. 5:10-cv-148-DCB-JMR

ERGON REFINING, INC.                                      DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on Defendant's Motion for Summary Judgment [**docket entry no. 18**]. Having carefully considered said Motion, applicable statutory and case law, and noting in particular that said Motion is unopposed, the Court finds and orders as follows:

## I. Facts and Procedural History

On November 12, 2009, on behalf of the heirs and estate of her husband Kevin S. Chisolm, Elizabeth Chisolm ("Ms. Chisolm") filed a Complaint [docket entry 1-2] in the Circuit Court of Warren County, Mississippi, against Defendant, Ergon Refining, Inc. ("Ergon"),  for unlawful employment practices in violation of state and federal laws including Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Ms. Chisolm alleges that her husband's termination on September 6, 2007, was the result of "willful, deliberate and malicious" discrimination and retaliation, which had begun with unequal disciplinary treatment during his term of employment. Ms. Chisolm claims her husband suffered loss of income, benefits, and emotional distress. Prior to filing her

Complaint, Ms. Chisolm exhausted administrative remedies, receiving a Notice of Right to Sue on August 11, 2009.

Following a period of discovery, Ergon filed the present Motion for Summary Judgment. In the Motion, Ergon argues that Ms. Chisolm has failed to produce any evidence to substantiate her allegation that it discriminated against her husband, and not only that, Ergon attached Ms. Chisolm's deposition in which she admitted that the only evidence she has to support her claim are the allegations of her husband who is now deceased.[1] See Deposition of Ms. Chisolm, docket entry no. 18-2, pg. 3. Additionally, Ergon attached a declaration of Ken Dillard, the plant manager of its Vicksburg location, stating that Mr. Chisolm had received verbal and written warnings for violations of Ergon rules prior to his discharge and that he was fired because of an incident in which it was determined that he had operated a forklift in a reckless manner.[2] See Declaration of Ken Dillard, docket entry no 18-2.

According to the declaration of Dillard, Mr. Chisolm (1) received a verbal warning for failing to attend a scheduled training class, (2) received a written warning for failing to

---

[1] In the deposition Ms. Chisolm was asked, "As far as what you have to present to the court, it would only be what Mr. Chisolm told you, correct?" Ms. Chisolm responded: "Correct. Which is a lot more than what I've just told you." Id.

[2] When Dillard confronted Mr. Chisolm about the damage, he explained that the forklift had collided with a dirt or gravel speed bump.  Dillard found this explanation implausible based on the degree of damage. See id. at ¶ 4.

comply with its loading policy, (3) received a written warning for using his cell phone in an unauthorized area, (4) was suspended for three days for failure to perform his duties and follow instructions, and (5) was suspended five days when he left the plant without notifying his supervisor "during a fire on the floating roof of a tank." See id. at ¶ 3 & exhibits 1-4. Following the fifth incident, he received a warning letter notifying him that "termination could occur if problems persist." Id. & exhibit 5. On or about September 2, 2007, Dillard states that Mr. Chisolm drove an Ergon forklift into an object solid enough to bend the metal wheel rims on the forklift but failed to report the damage to him. Upon discovery of the damaged rims, Dillard made the decision to terminate Mr. Chisolm's employment with the company. See id. at ¶ 3 & exhibits 6-8. Dillard avers that his decision to terminate Mr. Chisolm's employment was based on his work performance and had nothing to do with his race. See id. ¶ 4.

## II. Analysis

*A. Summary Judgment Standard*

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "A fact is 'material' if its resolution in favor of one party might affect the

outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment must be

rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

*B. Whether Ms. Chisolm Has Produced Evidence To Demonstrate that Ergon's Reason for Terminating Mr. Chisolm's Employment Is a Pretext for Discrimination*

Discrimination claims are evaluated under a "tripartite burden-shifting test" established by the Supreme Court.[3] See Crawford v. Formosa Plastics Corp., 234 F.3d 899, 901-02 (5th Cir. 2000) (citing McDonnell Douglas v. Green, 411 U.S. 792, 802-04 (1973)). Under this test, if the plaintiff establishes a prima facie case of discrimination,[4] the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the alleged discriminatory act. Crawford, 234 F.3d at 902. Having done so, the burden shifts back to the defendant to show that the defendant's non-discriminatory reason is merely a pretext for discrimination. Id. (citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000)).

---

[3] Ms. Chisolm's Title VII claim and § 1981 claim are subject to the same analysis. See, e.g., Raggs v. Mississip Power & Light Co., 278 F.3d 463, 468 (5th Cir. 2002).

[4] To establish a prima facie case of discrimination, the Plaintiff must show: "(1) [he] is a member of a protected class, (2) he was qualified for the position that he held before being discharged, (3) he was discharged, and (4) his employer filled the position with a person who is not a member of the protected class." Raggs, 278 F.3d at 468.

Ergon has come forward with a legitimate, non-discriminatory reason for terminating his employment with the company, but Ms. Chisolm has not offered any evidence to suggest that this explanation is a pretext.[5] In particular, Ergon provided evidence of five separate instances in which Ms. Chisolm violated company policies culminating in the termination of his employment. Specifically, Dillard explained that it was Mr. Chisolm's reckless destruction of company property that led him to terminate his employment. The Court finds this evidence sufficient to shift the burden back to Ms. Chisolm to show that Ergon's reasoning for terminating her husband's employment is a pretext for discrimination. Crawford, 234 F.3d at 902.

Ms. Chisolm, however, has not come forward with evidence or allegations that Ergon's reasons for terminating her husband's employment are anything other than legitimate. In fact, Ms. Chisolm has chosen not to respond to Ergon's Summary Judgment Motion, which has been pending in this Court since August 15, 2011. Moreover, both she and her counsel failed to appear at the Settlement Conference held on December 8, 2011, at the United States Courthouse in Natchez, MS, even though the Court contacted her

---

[5] Ergon does not address whether or not Ms. Chisolm could establish a prima facie case of discrimination, and therefore, for the purposes of this Order only, it is assumed that Ms. Chisolm could meet her initial burden.

counsel several times prior to the hearing.[6]

The Court may not grant Ergon's Motion simply because it is unopposed. <u>See, e.g.,</u> <u>Bustos v. Martini Club Inc.</u>, 599 F.3d 458, 469 (5th Cir. 2010). Moreover, the Court has discretion under Rule 56(e) to give a party an opportunity to address alleged facts or it may consider facts undisputed for the purposes of the summary judgment motion. <u>See</u> <u>Brenner v. Greenberg</u>, No. 08-C-826, 2011 WL 862224, at *5 (N.D. Ill. Mar. 10, 2011) (discussing how the 2010 amendments to Rule 56 codify a district court's already well-settled discretion regarding whether to allow a party who fails to substantiate facts in a summary judgment motion a "second bite at the apple."). Typically, this Court elects the former option in order to give a party ample opportunity to support its position, but the Plaintiff has apparently abandoned the case. The Court has carefully reviewed the entire record, seeking evidence to support Ms. Chisolm's allegations in the Complaint, but has found none.

### III. Disposition

Accordingly, Ergon has offered a legitimate, non-discriminatory reason for its termination of Mr. Chisolm's

---

[6] Chief Magistrate Judge Roper did not receive Ms. Chisolm's confidential settlement memorandum by the December 1, 2011 deadline. His chambers sent Ms. Chisolm's attorney an email on December 2, 2011 requesting the required memorandum. Receiving no response, his chambers attempted to reach counsel by phone on December 5th and December 6th and both times left a message. In addition to failing to appear at the settlement conference, Ms. Chisolm's attorney never submitted the memorandum.

employment and Ms. Chisolm has produced no evidence indicating that Ergon's explanation is a pretext for discrimination. She has not demonstrated to this Court that there is a genuine issue for trial. See Celotex Corp., 477 U.S. at 322. Therefore, the Court finds that Ergon is entitled to summary judgment as a matter of law and Ms. Chisolm's claims are dismissed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Summary Judgment [**docket entry no. 18**] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's case against the Defendant is **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED,** this the 16th day of December 2011.


 /s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**